IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-350-D

| | | |
|---|---|---|
| JILL WEINSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On June 28, 2018, Magistrate Judge Swank issued a Memorandum and Recommendation ("M&R") and recommended that this court deny plaintiff's motion for judgment on the pleadings [D.E. 18], grant defendant's motion for judgment on the pleadings [D.E. 20], and affirm defendant's final decision. See [D.E. 23]. On July 20, 2018, plaintiff objected to the M&R [D.E. 25]. Defendant did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff objects and argues that (1) the ALJ was required to consider plaintiff's need for a cane in formulating plaintiff's RFC and hypothetical question; (2) the ALJ was required to consider plaintiff's chronic diarrhea and incontinence in formulating plaintiff's RFC and hypothetical question; (3) the ALJ erred by assigning plaintiff's treating physician's opinion little weight; and (4) the ALJ failed to give sufficient reasons for rejecting Nurse Mastridge's opinion. See [D.E. 25].

As for plaintiff's argument concerning the ALJ's failure to consider her chronic diarrhea and incontinence, the ALJ is not required to "specifically refer to every piece of evidence in his decision." Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2015) (quotation omitted). Nonetheless, the ALJ cannot ignore material evidence. See, e.g., Campbell v. Astrue, 627 F.3d 299,

306 (7th Cir. 2010); Arnold v. Sec'y of Health, Educ. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977); Woodbury v. Colvin, 213 F. Supp. 3d 773, 778 (D.S.C. 2016).

The record shows that plaintiff made several complaints to medical providers concerning chronic diarrhea and that plaintiff's medical providers prescribed her medications for the diarrhea. See [D.E. 14] 104–10, 115, 130–32. Moreover, plaintiff testified that she has chronic diarrhea five or six times a day, that she was wearing a diaper at the hearing (although she does not normally wear one), and that her medical provider prescribed her Vesicare and referred her to a urologist. See [D.E. 12] 100–01. Despite this evidence, the ALJ did not discuss whether plaintiff's chronic diarrhea was a medically determinable impairment, and if so, whether plaintiff's diarrhea affects her RFC. See Id. at 22–23, 25–39. Incontinence "may be an impairment for purposes of the Social Security Act and must be considered by the Commissioner in determining whether a claimant is disabled." Crowley v. Apfel, 197 F.3d 194, 198 (5th Cir. 1999); see Heidrich v. Berryhill, 312 F. Supp. 3d 371, 375 (W.D.N.Y. 2018). The ALJ needed to consider and expressly discuss whether plaintiff's incontinence affected her RFC, and the failure to do was not harmless error. See, e.g., Yarger v. Astrue, 300 F. App'x 461, 463 (9th Cir. 2008) (per curiam) (unpublished); Heidrich, 312 F. Supp. 3d at 375; Little v. Comm'r of Soc. Sec., No. 1:14cv2792, 2016 WL 852569, at *3 (N.D. Ohio Mar. 4, 2016) (unpublished); Snider v. Colvin, No. 6:14-2585-RMG-KFM, 2015 WL 7292958, at *11–12 (D.S.C. Oct. 26, 2015) (unpublished).

The ALJ's failure to determine whether plaintiff's chronic diarrhea is a medically determinable impairment, and if so, whether such impairment affects plaintiff's RFC, precludes the court from determining whether the ALJ's decision was supported by substantial evidence. Accordingly, the court remands the case for further proceedings consistent with this order. In light of this conclusion, the court does not address plaintiff's other arguments.

3

In sum, plaintiff's objections to the M&R [D.E. 25] are SUSTAINED, plaintiff's motion for judgment on the pleadings [D.E. 18] is GRANTED, defendant's motion for judgment on the pleadings [D.E. 20] is DENIED, and the action is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g).

SO ORDERED. This 21 day of September 2018.

JAMES C. DEVER III
Chief United States District Judge